## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN B. RIGGINS,

       Plaintiff,

v.                                     Case No. 05-CV-70491-DT

CITY OF SAGINAW, et al.,

       Defendants.

_____/

### ORDER OF DISMISSAL

This is a case that was filed on February 7, 2005, in which Plaintiff proceeds *pro se* and has been alerted twice that failure to prosecute can result in case dismissal. On June 20, 2005, the court issued an "Amended Order to Show Cause: Notice of Intended Dismissal" in the above-captioned case. In that order, the court informed Plaintiff that it intended to dismiss Plaintiff's case for lack of prosecution because "the case was filed more than 120 days ago and no proof of service ha[d] been filed as required." (6/20/05 Order at 1.) On July 5, 2005, Plaintiff, proceeding *pro se*, filed his "Response To The Court[']s Order to Dismiss of June 20, 2005, For Failure to Prosecute" [Dkt. # 4]. In his response, Plaintiff "request[ed] that th[e] court order the court clerk to reissue the . . . summon for serv[ice] on . . . Defendant." (Pl.'s 7/5/05 Resp. at ¶ 3.) On July 21, 2005, the court granted Plaintiff's request, vacated the show cause order and extended the original summons.

In that order, the court stated that "Plaintiff must serve the summons and complaint in accordance with the Federal Rules of Civil Procedure on all Defendants no

later than August 15, 2005." (*See* 7/21/05 Order at 2.)  Since that date, no service has

been effected, and that case has not progressed.

On November 22, 2005, the court again ordered Plaintiff to show cause why the

case should not be dismissed for lack of prosecution, and Plaintiff timely responded,

stating that "he was . . . not aware that the Summon[s] was not served on the Defendant

City of Saginaw by the server." (12/1/05 Resp. at ¶ 1.)  Plaintiff again asks, in a

response nearly identical to the response he filed on July 5, 2005, that the court clerk

"reissue the same summons" to provide yet additional time for service. (*Id.* at ¶ 3.)

## I. Federal Rule of Civil Procedure 41(b) and Local Rule 41.2

Federal Rule of Civil Procedure 41(b) permits the court to dismiss an action "[f]or

failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ."

Fed. R. Civ. P. 41(b).  Furthermore, "a dismissal under this subdivision . . . operates as

an adjudication upon the merits." *Id.*[1]

A district court is given "substantial discretion" in allowing relief under Rule 41(b).

*Knoll v. AT&T Co.,* 176 F.3d 359, 363 (6th Cir. 1999).  The Sixth Circuit has stated four

factors that should guide a district court in the context of dismissal pursuant to Rule

---

[1]United States District Court for the Eastern District of Michigan Local Rule 41.2
also permits the court, under certain circumstances, to dismiss an action for failure to
prosecute:

> [W]hen it appears that the court lacks subject matter jurisdiction *or that the
> parties have taken no action for a reasonable time*, the court may, on its own
> motion after reasonable notice or on application of a party, enter an order
> dismissing or remanding the case unless good cause is shown.

E.D. Mich. LR 41.2.

2

41(b):  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether

the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was

ordered.  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998).  Although

none of the factors are dispositive, the district court may properly dismiss the case when

there is a clear record of delay or contumacious conduct.  *Carter v. City of Memphis*,

636 F.2d 159, 161 (6th Cir. 1980).

        Rule 41(b) provides courts the authority to dismiss a claim for "failure of the

plaintiff to prosecute or to comply with these rules or any order of the court."  *Harmon v.

CSX Transp., Inc.,* 110 F.3d 364, 366-67 (6th Cir. 1997); *see also Bendix Aviation Corp.

v. Glass,* 32 F.R.D. 375 (E.D. Pa. 1961), *aff'd,* 314 F.2d 944 ("'failure to prosecute'

under the rule does not mean that the plaintiff must have taken any positive steps to

delay the trial or prevent it from being reached by operation of the regular machinery of

the court.  It is quite sufficient if he does nothing, knowing that until something is done

there will be no trial.").  Rule 41(b) "is available to the district court as a tool to effect

'management of its docket and avoidance of unnecessary burdens on the tax-supported

courts [and] opposing parties . . . .   A district court must be given substantial discretion

in serving these tasks.'" *Knoll,* 176 F.3d at 363.

**II.  Federal Rule of Civil Procedure 16(f)**

The court may also exercise its discretion under Federal Rule of Civil Procedure

16(f) to enforce scheduling and other similar orders.  Rule 16(f) provides in relevant

part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the
> judge, upon motion or the judge's own initiative, *may make such orders with*
> *regard thereto as are just, and among others* any of the orders provided in Rule
> 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall
> require the party or the attorney representing the party or both to pay the
> reasonable expenses incurred because of any noncompliance with this rule,
> including attorney's fees, unless the judge finds that the noncompliance was
> substantially justified or that other circumstances make an award of expenses
> unjust.

Fed. R. Civ. P. 16(f) (emphasis added).  For example, under Rule 37(b)(2), the court

may dismiss "the action or proceeding or any part thereof, or rend[er] a judgment by

default against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(C).[2]  As such, the court

has authority to issue sanctions for failure to comply with its order under Rule 16(f).  In

fact, the court has a wide arsenal of potential sanctions that it may impose at its sound

discretion under Rule 16.  *See*, *e.g.*, *Reece v. Langford*, 798 F.2d 1415 (6th Cir. 1986);

*Durham v. District of Columbia*, 494 A.2d 1346, 1350 (D.C. 1985) (applying federal rules

and noting that the district court has discretion in selecting the appropriate sanction

under Rule 16); *Ortiz-Rivera v. Municipal Government of Toa Alta*, 214 F.R.D. 51 (D.

Puerto Rico 2003); *see also* 6A Charles Alan Wright, et al., Federal Practice and

---

[2]The court used its authority under the Federal Rules to twice enter an order in
which it directed Plaintiff to provide good cause explaining why the summons had not
been served in a timely manner.

4

Procedure § 1531 (2003) ("The references to specific sanctions in Rule 16(f) is not exhaustive. The court is to design the sanction to fit the violation.").

## III.  DISCUSSION

### A.  Plaintiff's Willfulness, Bad Faith, or Fault in Failing to Prosecute This Case

Although the court first excused Plaintiff's failure to serve the summons in the 120 days provided for by the Rules, it expected the first show cause order to result in diligent efforts by Plaintiff in prosecuting this case. Notwithstanding the clear warning issued by the court in its June 20, 2005 show cause order, Plaintiff has not demonstrated due diligence in prosecuting his case.

Plaintiff's response to the court's second show cause order demonstrates that Plaintiff has not made reasonable efforts to be aware of the activity of whomever he selected to serve the summons. The court provided Plaintiff an extension of its original deadline, yet Plaintiff still failed to act in a timely manner. Plaintiff asks the court to grant him an additional period of time with a renewed summons, but fails to explain what he would do in the next 120 days that he has not already done in the past 300 days.

### B.  Prejudice of Defendant by Plaintiff's Conduct

A plaintiff's dilatory behavior and failure to prosecute is prejudicial to a proposed defendant in the sense that every day of delay places the adverse party at a further remove from the facts underlying the allegations and at a greater disadvantage in responding to them. In the instant case, Plaintiff has made allegations against Defendants that relate to events that occurred on or about May 14, 2002 when Plaintiff interacted with Sergeant Mark Lively of the Saginaw Police Department. Over time,

memories fade and witnesses become less available and the court imagines that Defendants are presented with additional hindrances in responding to Plaintiff's complaint today than they would have been several months ago.

### C.  Warnings to Plaintiff that Failure to Cooperate Could Lead to Dismissal

The court warned Plaintiff of the potential dismissal of his case for failure to prosecute when it issued its first show cause on June 20, 2005, after Plaintiff failed to serve the summons timely, and was warned a second time in the court's November 22, 2005 order requiring a showing of good cause why the case should not be dismissed. In the weeks between the most recent show cause order and Plaintiff's response, Plaintiff could have had made some effort to have his server locate the City of Saginaw and effect service, but nothing was done.  Plaintiff was put on clear notice twice that failure to prosecute his case in a timely manner, by commencing it with service, could result in dismissal of his claims.

### D.  The Possibility of Imposing Less Drastic Sanctions

The court believes that sanctions lesser than dismissal are not warranted in this case.  Plaintiff has inexcusably failed to meet deadlines even after being warned to act more diligently in prosecuting this case.  Plaintiff had clear chances over the course of more than ten months to diligently prosecute his case by simply serving at least one defendant, but Plaintiff has failed to do so.  The County of and the City of Saginaw are located only about one hour by automobile from the City of Detroit, and the municipal office complex of each cannot be difficult to find.  Indeed, Plaintiff stated the address of

each on the first page of his complaint.  Moreover, the Sixth circuit "has determined that where dismissal is the sanction of last resort, a district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."  *Sexton*, 62 Fed. Appx. 615, 618, 2003 WL 1870918, *5 (citing *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir.1994)).

Plaintiff has failed to prosecute the case under Fed. R. Civ. P. 41(b) and was warned that such failure could result in dismissal by the court's first and second show cause orders, each of which required Plaintiff to explain why the case should not be dismissed for lack of prosecution.

> To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management.  Scheduling orders are essential tools in that process--and a party's disregard of such orders robs them of their utility.  *See Tower Ventures,* 296 F.3d at 46.  For that reason, litigants have an "unflagging duty to comply with clearly communicated case-management orders."  *Rosario-Díaz v. González,* 140 F.3d 312, 315 (1st Cir. 1998).  A "court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders."  Unexcused misconduct of that stripe places the choice of sanction (up to, and including, dismissal) within the sound discretion of the district court.  *Tower Ventures,* 296 F.3d at 46; *see also Top Entertainment,* 285 F.3d at 118; *Barreto v. Citibank, N.A.,* 907 F.2d 15, 16 (1st Cir. 1990).

*Ortiz-Rivera*, 214 F.R.D. at 57.

The court finds that ten months, more than two and one-half times the number of days ordinarily allowed, is quite enough for Plaintiff's process server to, at the very least, travel to the City of Saginaw in order to serve the summons and a copy of the complaint on one defendant.  It is apparent that Plaintiff is insufficiently diligent about advancing his claim.

7

IT IS ORDERED that this case is DISMISSED for failure to prosecute.


S/Robert H. Cleland _____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2005, by electronic and/or ordinary mail.


 S/Lisa G. Teets _____
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\OpinionsandOrders\05-70491.RIGGINS.OrderofDismissal.wpd